IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

Plaintiff,

v.

$6,600 IN UNITED STATES CURRENCY, *in rem*,

Defendant.

3:12-cv-01624-MA

OPINION AND ORDER

S. AMANDA MARSHALL
United States Attorney
District of Oregon
ANNEMARIE SGARLATA
Assistant United States Attorney
1000 Southwest Third Avenue, Suite 600
Portland, Oregon 97204-2902

Attorneys for Plaintiff

BRIAN L. MICHAELS
259 East Fifth Avenue, Suite 300-D
Eugene, Oregon 97401

Attorney for Claimant Sean Beeman

MARSH, Judge

Plaintiff brings this civil forfeiture action pursuant to 21 U.S.C. § 881; and 28 U.S.C. §§ 1345, 1356 & 1395. Currently before

the court is Claimant Sean Beeman's Motion to Dismiss for Failure to State a Claim (#9).[1] For the reasons set forth below, the motion is denied.

**BACKGROUND**

The government instituted this action, *in rem*, on September 10, 2012. Attached to the complaint is the Declaration of Postal Inspector Scott Helton, United States Postal Service, which establishes the factual support for the complaint as follows:

On March 13, 2012, Inspector Helton intercepted a package addressed to the claimant. Declaration of Scott Helton in Support of Complaint in rem for Forfeiture at 4-5. The sender's name was listed as "Tyson Shatswell" with an address listed in Oklahoma City, Oklahoma. Id. at 5. After a search of records, Inspector Helton discovered that Shatswell's name was not associated with the listed sender's address. Id. A trained narcotics detection canine alerted to the scent of narcotics coming from the package when it was laid out in a deployment line with five other similar packages. Id. The canine did not alert to any other package. Id.

On March 14, 2012, Interagency Narcotic Enforcement Team (INET) Detective Luquin learned that claimant was listed as a caregiver and grower in the Oregon Medical Marijuana Program

[1] On January 20, 2013, claimant submitted a Motion for Leave to Submit Reply Memorandum (#12). The court accepts and has considered claimant's untimely reply memorandum.

(OMMP). Id. Detective Luquin, Inspector Helton, and other INET officers went to claimant's address as listed on the package. Id. There, claimant told the officers that the package contained $9,000 in cash that was a loan from a friend. Id. at 5-6. Claimant refused to say who the friend was, or what the loan was for. Id. at 6.

Claimant consented to the officers opening the package. Id. Inside, the officers found two white envelopes. The first envelope had "DJ Pay 3500" written on the outside and contained $3,500 in United States currency. Id. The second envelope had "TS" written on it, and contained a note which read "Tyson 3100" and $3,100 in United States currency. Id. Together, the entire package contained the $6,600 in United States currency which is the defendant property. Id.

Claimant told Detective Luquin that "Ty" had sent him the money, and that he had visited during the past summer to assist with claimant's marijuana grow. Id. Claimant said he loaned Ty $9,000 to purchase a car he found for sale on Craigslist to drive back to Oklahoma. Id. Claimant reported that Ty had sent other parcels containing currency before. Id.

During a consented search of claimant's house, the officers found an indoor marijuana grow that was in compliance with the OMMP. Id. at 7. Later that day, Detective Luquin contacted Tyson Shatswell by telephone. Id. Shatswell reported that he had spoken

to claimant after the officers left claimant's residence. Id. Shatswell said that claimant had loaned him $9,000 during the summer of 2011, and that he used that money to rent a car to drive to Oklahoma and purchase a new car upon arrival. Id. Shatswell reported that he does not smoke marijuana and never went to Eugene, Oregon, to help claimant with his marijuana grow operation. Id.

On March 16, 2012, detectives again contacted Shatswell, who then admitted that he was in Eugene in the summer of 2011 to help claimant with his marijuana grow operation and that he did smoke marijuana. Id. at 7-8. Shatswell stated that he was joined in Oregon by his friend, Derrick, and that the loan was used to fix Derrick's vehicle, drive to Oklahoma via California, and then purchase a new vehicle for Shatswell. Id. at 8. Shatswell admitted lying to Detective Luquin during the prior conversation. Id. at 7-8. Shatswell did not answer when asked why he did not send a cashier's check to repay claimant. Id. at 8.

**DISCUSSION**

The government contends that the $6,600 represents proceeds traceable to an exchange for controlled substances, or was used or intended to be used to facilitate such a transaction, and is thus forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). In his motion to dismiss, claimant argues that the government does not state any facts attributing any criminal activity to claimant or the seized currency.

Rule G(2) sets forth the pleading requirements for a complaint in a civil forfeiture proceeding. Pursuant to that rule, a complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2)(f) & G(8)(b). When ruling on a motion to dismiss, this court accepts the factual allegations of the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

At trial, the government will bear the burden of proving, by a preponderance of the evidence, that the seized currency is forfeitable, and that there is a substantial connection between the defendant currency and a drug offense. 18 U.S.C. § 983(c)(1) & (3). At the pleading stage, however, the government need not identify the particular drug offense to which the currency was connected, so long as the allegations of the complaint are otherwise sufficient to support the reasonable belief that the government will be able to carry its ultimate burden of proof at trial. United States v. Two Parcels of Property Located in Russell Cty., Ala., 92 F.3d 1123, 1127 (11th Cir. 1996); United States v. $42,990.00 U.S. Currency, 2010 WL 2506360, at *4 (M.D. Tenn. June 17, 2010), adopted by, 2010 WL 2803954 (M.D. Tenn. Jul. 15, 2010); United States v. Funds in the Amt. Of $45,050.00, 2007 WL 2323307, at *5 (N.D. Ill. Aug. 9, 2007). A complaint may not be dismissed

on the ground the government did not have adequate evidence at the time the complaint was filed. 28 U.S.C. § 983(a)(3)(D).

As outlined above, the government alleges the following facts to support the forfeiture of the defendant currency: (1) a canine search of the package containing the defendant currency was positive for the odor of narcotics; (2) the package contained seemingly incorrect sender address information; (3) the package contained a large amount of currency; (4) the recipient of the package had access to controlled substances through his participation in the OMMP, and had an OMMP-compliant marijuana grow on his property; (5) claimant and Shatswell both reported that the currency was in repayment of a loan, but made inconsistent statements about the purpose and circumstances surrounding the loan; (6) Shatswell made false statements to officers about whether he had previously helped claimant with the marijuana grow and whether he smoked marijuana; and (7) the package contained two separate envelopes bearing the initials "TS" and "DJ", respectively, and the claimant and Shatswell gave inconsistent explanations for this method of payment.

Claimant's argument that this court must discount the canine alert is incorrect. The allegation of a trained narcotics-detecting dog's alert to the odor of narcotics on the defendant property is relevant to establishing forfeitability and a substantial connection with a drug offense. See United States v.

Currency, U.S. $42,500.00, 283 F.3d 977, 982-83 (9th Cir. 2002).

Claimant's argument that the complaint must establish probable cause at this stage because the seizure of the defendant property would otherwise violate Due Process is also incorrect. Property may generally only be seized to begin forfeiture proceedings after the issuance of a warrant supported by probable cause. 21 U.S.C. § 981(b); Supp. R. G(3)(b). This court issued such a warrant in this case. Warrant for Arrest and Seizure of Property (#4). Thus, the seizure of the defendant currency was constitutional. See Calero-Toledo v. Pearson Yacht Leasing Co., 415 U.S. 663, 676-80 (1974).

The allegations contained in the complaint and attached declaration, including the canine alert, are sufficient to support a reasonable belief that the government will be able to meet its burden at trial. Accordingly, claimant's motion to dismiss is denied.

///

///

///

///

///

///

///

///

**CONCLUSION**

Claimant's Unopposed Motion for Leave to Submit Reply Memorandum (#12) is GRANTED. For the foregoing reasons, however, claimant's Motion to Dismiss (#9) is DENIED.

IT IS SO ORDERED.

DATED this 22 day of January, 2013.

Malcolm F. Marsh
United States District Judge