IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    3:12-cv-01624-MA

              Plaintiff,              OPINION AND ORDER

    v.

$6,600 IN UNITED STATES
CURRENCY, *in rem*,

              Defendant.


S. AMANDA MARSHALL
United States Attorney
District of Oregon
ANNEMARIE SGARLATA
Assistant United States Attorney
1000 Southwest Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Plaintiff

BRIAN L. MICHAELS
259 East Fifth Avenue, Suite 300-D
Eugene, Oregon 97401

    Attorney for Claimant Sean Beeman

MARSH, Judge

    This civil forfeiture proceeding comes before the Court on

Plaintiff's Motion for Summary Judgment (#39) on the grounds that

1 - OPINION AND ORDER

Claimant Sean Beeman lacks standing to contest forfeiture of the Defendant Currency.  For the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED.

## FACTUAL BACKGROUND

The material facts are undisputed and taken from the parties' submissions on summary judgment.  On March 13, 2012, United States Postal Inspection Service Inspector Scott Helton intercepted a parcel addressed to Claimant.  Inspector Helton noticed that the parcel was heavily taped, sent via express mail, and the return address label bore a name not apparently associated with the return address.  A narcotics-detection canine deployed by Inspector Helton alerted to the odor of narcotics on the parcel.

The next day, Inspector Helton and other officers traveled to the address listed on the parcel and spoke with Claimant.  Upon request, Claimant permitted the officers to open the parcel in which the officers subsequently found the Defendant Currency. Claimant told the officers that the currency in the parcel was the repayment of a loan from a friend.

On September 10, 2012, Plaintiff filed this civil forfeiture proceeding alleging the Defendant Currency represented proceeds traceable to an illegal narcotics transaction.  On October 22, 2012, Claimant filed a Claim to the Defendant Currency alleging that he had an ownership interest in the currency and attaching sworn statements from Tyson Shatswell and Derek Jester stating that

they sent the currency in repayment of a loan and the currency was not involved in any illegal activity.

In his deposition Claimant again asserted that the Defendant Currency was sent to him as repayment of a loan. Claimant asserted his privilege against self-incrimination under the Fifth Amendment to the United States Constitution when asked whether he had a written loan agreement with Mr. Shatswell and Mr. Jester, whether he had an oral loan agreement with Mr. Shatswell and Mr. Jester, whether he had a security interest in the Defendant Currency, and whether the parcel was within his custody or control while it was in transit. Claimant testified that he had never secured a judgment against Mr. Shatswell or Mr. Jester, or perfected a lien against the Defendant Currency. Claimant testified he was not aware that a package containing the Defendant Currency was being sent to him before the parcel arrived.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Washington Mut. Ins. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). See also Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. Rivera v. Philip Morris, Inc., 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the

pleadings and show there is a genuine dispute as to a material fact for trial. Id. "This burden is not a light one. . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. Sluimer v. Verity, Inc., 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." Easter v. Am. W. Fin., 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." Deering v. Lassen Cmty. Coll. Dist., No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted). The substantive law governing a claim or

a defense determines whether a fact is material. <u>Miller v. Glenn</u> <u>Miller Prod., Inc.</u>, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. <u>Id.</u>

## <u>DISCUSSION</u>

Plaintiff moves for summary judgment arguing that Claimant lacks standing to contest the forfeiture of the Defendant Currency because he is an unsecured creditor who lacks a viable possessory or ownership interest.

A claimant seeking to contest a civil forfeiture must establish both Article III and statutory standing. <u>United States</u> <u>v. One 1985 Cadillac Seville</u>, 866 F.2d 1142, 1148 (9th Cir. 1989). Article III standing is at issue in this case. In a civil forfeiture action, whether the claimant has Article III standing "turns upon whether the claimant has a sufficient interest in the property to create a case or controversy." <u>United States v. Real</u> <u>Property Located at 5208 Los Franciscos Way</u>, 385 F.3d 1187, 1191 (9th Cir. 2004). As such, a civil forfeiture claimant "must establish the three elements of standing, namely, that the plaintiff suffered an injury in fact, that there is a causal connection between the injury and the conduct complained of, and that it is likely the injury will be redressed by a favorable decision." <u>United States v. $133,420.00 in U.S. Currency</u>, 672 F.3d 629, 637 (9th Cir. 2012). "Claimants in civil forfeiture actions

can satisfy this test by showing that they have a 'colorable interest in the property,' which includes an ownership interest or a possessory interest." Id. (quoting 5208 Los Fanciscos Way, 385 F.3d at 1191). Ultimately, however, the claimant's burden to demonstrate Article III standing is "not a heavy one." 5208 Los Franciscos Way, 385 F.3d at 1191.

"The elements of standing 'must be supported in the same way as any other matter on which the [claimant] bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" $133,420.00 in U.S. Currency, 672 F.3d at 638 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). At summary judgment, the claimant must "'set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true,'" and from those facts the court must ask "whether 'a fair-minded jury' could find that the claimant had standing on the evidence presented." Id. (quoting Lujan, 504 U.S. at 561).

"A claimant asserting an ownership interest in the defendant property" must present "'some evidence of ownership' beyond the mere assertion in order to survive a motion for summary judgment." Id. at 639 (quoting United States v. $81,000.00 in U.S. Currency, 189 F.3d 28, 35 (1st Cir. 1999)). "The fact that property was seized from the claimant's possession, for example, may be

sufficient evidence, when coupled with a claim of ownership, to establish standing at the summary judgment stage." Id.

Plaintiff argues that Claimant lacks standing because Claimant's status in relation to the Defendant Currency is best characterized as that of an unsecured creditor. Plaintiff maintains that Claimant's status as the addressee of the parcel does not ripen his interest as an unsecured creditor into a possessory or ownership interest sufficient to confer standing. Claimant, among other arguments, responds that his status as the addressee of the parcel containing the Defendant Currency is sufficient to establish standing to contest the forfeiture of the currency.

Plaintiff specifically relies upon United States v. $960,000 in U.S. Currency, 307 Fed. App'x 251 (11th Cir. 2006), for the proposition that the addressee of a parcel containing currency does not have a possessory or ownership interest sufficient to confer standing to contest forfeiture of the currency. In $960,000 in U.S. Currency, the claimant sought to contest the forfeiture of money seized from a package sent from Miami to a corporation in Colombia. 307 Fed. App'x at 252. A representative of the corporation submitted a declaration attesting that the claimant was the intended recipient of the package and the corporation was to contact the claimant when the package arrived. Id. The Eleventh Circuit found "[t]he fact that [the corporation] identified [the

claimant] as the intended recipient of the carton is a far cry from proving that [the claimant] had an ownership or possessory interest in the carton containing the defendant currency." Id. at 256.  The court specifically noted that the claimant "was never in actual possession of the currency," and at best had "an expected or inchoate possessory interest" as the intended recipient of the property.  Id.  Accordingly, the Eleventh Circuit found that the claimant had "not produced evidence sufficient to establish that he either owned or possessed the carton containing the defendant currency," and affirmed the district court's finding that the claimant lacked standing.  Id.

Similarly, in United States v. $11,900 in U.S. Currency, No. 09-2303-STA, 2009 WL 3571554 (W.D. Tenn. Oct. 26, 2009), the Western District of Tennessee struck a claim for lack of standing because the claimant failed to demonstrate that he had an ownership or possessory interest in the defendant currency despite being listed as the addressee of the package from which the currency was seized.  2009 WL 3571554, at *5.  Because the defendant currency was still in transit, the court, solely citing $960,000 in U.S. Currency, reasoned that the currency still belonged to the sender. $11,900 in U.S. Currency, 2009 WL 3571554, at *5.

Finally, the Western District of Michigan came to a similar conclusion in United States v. $9,770 in U.S. Currency, No. 1:12-cv-354, 2013 WL 1340153 (W.D. Mich. Mar. 29, 2013).  There, the

claimant argued he was the owner of the defendant currency seized from a parcel addressed to claimant because it represented an investment the sender was making in the claimant's business. Id. at *1. Noting that the claimant never had possession of the defendant currency, the court found that "[t]he mere fact that he was the intended recipient of a package still in transit, along with his self-serving assertions, is insufficient to show a possessory or ownership interest to contest forfeiture." Id. at *3.

Although I acknowledge there is support in caselaw for Plaintiff's position that Claimant's status as addressee of the parcel does not ripen his interest in the Defendant Currency into an interest sufficient to confer standing to contest this forfeiture, I do not find this caselaw to be persuasive. At the outset I note the Ninth Circuit has treated an addressee's interest in an in-transit parcel more seriously than the merely "inchoate" or "expected" interest the Eleventh Circuit identified in $960,000 in U.S. Currency. See 307 Fed. App'x at 256. In the criminal search and seizure context, for example, the Ninth Circuit has found that the addressee of a parcel has standing to raise a Fourth Amendment challenge to the search and seizure of the package because an addressee has a "possessory interest . . . in the timely delivery of a package." United States v. Hernandez, 313 F.3d 1206, 1210 (9th Cir. 2002).

9 - OPINION AND ORDER

More to the point, however, the record on summary judgment contains sufficient evidence to establish at this stage of the proceedings that Claimant has a colorable ownership interest in the Defendant Currency.    Not only was Claimant the addressee of the parcel from which the Defendant Currency was seized, but he also provided additional evidence concerning his ownership interest in the Defendant Currency through his explanation that it represented repayment of a loan and the corroborating statements of Mr. Jester and Mr. Shatswell.    This evidence is sufficient to carry Claimant's burden of establishing standing on summary judgment.    See $133,420.00 in U.S. Currency, 672 F.3d at 639.

This evidence also materially distinguishes Claimant from a typical unsecured creditor.    Unsecured creditors lack standing to contest the forfeiture of the debtor's property because their interest is in the debtor's estate generally, not in any particular asset in the debtor's estate.    See $20,193.39 U.S. Currency, 16 F.3d 344, 346 (9th Cir. 1994); United States v. Currency Seized from Chase Bank Account No. XXXXXX3320, No. 3:13-cv-00562-MA, 2014 WL 3891748, at *4 (D. Or. Aug. 7, 2014).    Unlike a typical unsecured creditor, Claimant's alleged interest in the currency found in the parcel addressed to him is very particularized; it is not the sort of generalized interest in a debtor's estate that precludes an unsecured creditor from having standing to contest the forfeiture of the debtor's property.

10 - OPINION AND ORDER

In light of the relatively low threshold necessary to establish standing at this stage of the proceedings, I conclude on this record that Claimant has carried his burden of demonstrating that he has a colorable ownership interest in the Defendant Currency.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (#39) is DENIED. Consistent with the Court's Order (#42) entered June 17, 2014, Plaintiff's responsive memorandum to Claimant's Motion for Reconsideration (#40) is due no later than October 23, 2014, and Claimant's reply memorandum is due November 6, 2014.

IT IS SO ORDERED.

DATED this __2__ day of October, 2014.

Malcolm F. Marsh
United States District Judge