IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$6,600 IN UNITED STATES CURRENCY, *in rem*,

    Defendant,

v.

SEAN BEEMAN,

    Claimant.

Civ. No. 6:12-cv-01624-MC

OPINION AND ORDER

MCSHANE, Judge:

    Claimant Sean Beeman moves for an order requiring plaintiff United States of America[1] to show cause why it should not be held in civil contempt for failing to pay Beeman's attorney $15,000 in fees and costs, as ordered by this Court. *See* ECF No. 72. After Beeman filed the motion, the United States issued payment to Beeman's attorney. Beeman now requests attorney

---

[1] The United States of America is represented here by the United States Attorney for the District of Oregon. This opinion does not differentiate between the two.

1 – Opinion and Order

fees for the time spent drafting the motion, and sanctions against the United States for delaying payment and essentially making Beeman's attorney jump through unnecessary hoops to receive the funds. This Court DENIES Beeman's motion for two reasons. First, the proper means of enforcing a money judgment is through a writ of execution, not civil contempt proceedings. Second, the United States took reasonable steps within its power to satisfy the judgment.

## BACKGROUND

In 2012, the United States filed an action *in rem* for the forfeiture of $6,600 in seized currency. Beeman filed a claim to the currency. The parties submitted a settlement agreement, ECF No. 67, and this Court issued a judgment on March 17, 2015, ECF No. 69. The judgment dismissed the forfeiture action and, pursuant to the settlement agreement, ordered the United States to return the $6,600 to Beeman "along with $15,000 in U.S. Currency to Sean Beeman's attorney" for attorney's fees and costs. ECF No. 69 at 2. Neither the settlement agreement nor the judgment mentioned anything regarding when the United States must complete the transfers. The settlement agreement noted Beeman's funds would be offset by any debts to the United States. ECF No. 67 at 3.

The United States Marshals Service (USMS) was responsible for processing the return of the $6,600, while the Treasury Department would pay the attorney's fees out of its Judgment Fund. ECF No. 77 at 2. The USMS required Beeman's social security number to verify the Treasury Offset Program had no outstanding collections against Beeman. ECF No. 77-1 at 8. Beeman ultimately provided his social security number under seal to the USMS, with instructions that it be: (1) provided to the Treasury Department only; and (2) destroyed immediately after. *Id.* at 7-8. The USMS then returned the $6,600 to Beeman.

The United States then requested Beeman's social security number to process payment of the attorney's fees and costs. *Id*. at 4. The United States explained:

> I just received a call from DC – Dept of Treasury who just kicked back your Judgment Fund payment for $15,000.00. They need the claimant's SSN or it will not be approved.
>
> I did explain that it was not the claimant who was receiving the payment, but the attorney for the claimant. I was told that they still need the claimant's name and SSN.

*Id.*

In requiring Beeman's social security number before processing the request for attorney's fees, the Treasury Department relied on 31 C.F.R. § 256.13. That regulation requires agencies to collect the social security number of all individuals entitled to any agency payment to determine if the payment should be offset to satisfy a delinquent non-tax debt owed by the payee to the government. The social security number provided "must be for the party entitled to the payment, whether or not that party is the payee." *Id*. Beeman correctly argued that as he was neither the party entitled to payment, nor the payee, 31 C.F.R. § 256.13 did not require his social security number. Beeman's attorney informed the United States that requiring Beeman's social security number to process the attorney's fees placed the attorney "in an untenable conflict of interest by placing my check in jeopardy requiring my client's social security number." ECF No. 77-1 at 1.

Beeman then moved for an order to show cause why the United States should not be held in civil contempt for failing to fulfill the obligations of the judgment. *See* ECF No. 78.

Before filing its response, the United States processed and paid the attorney's fees.[2] ECF No. 77-3 at 3-4. ECF No. 77 at 3.

---

[2] The United States obtained Beeman's social security number not through the form Beeman provided to the USMS under seal, but in a form Beeman filed to claim the $6,600. ECF No. 77 at 3.

3 – Opinion and Order

## **DISCUSSION**

The United States argues that Beeman's method of enforcing the judgment—by a sanction of contempt for allegedly not complying quickly enough with the order—is improper. This Court agrees. Under Federal Rule of Civil Procedure 69(a)(1), enforcement of the payment should have been effectuated by a writ of execution, not by civil contempt. Rule 69(a)(1) states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

A money judgment consists of two elements: "(1) an identification of the parties for and against whom judgment is being entered, and (2) a *definite* and *certain* designation of the amount which plaintiff is owed by defendant." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.,* 665 F.3d 1091, 1101 (9th Cir. 2011) (quoting *Penn Terra Ltd. v. Dep't of Envtl. Res.*, 733 F.2d 267, 275 (3d Cir. 1984)). A judgment for attorney's fees is a money judgment. *See Spain v. Mountanos*, 690 F.2d 742, 747-48 (9th Cir. 1982) (applying 28 U.S.C. § 1961(a), which allows for interest on "any money judgment in a civil case recovered in a district court," to an attorney's fee award under 42 U.S.C. § 1988); *and see Perkins v. Standard Oil Co.*, 487 F.2d 672, 675-76 (9th Cir. 1973*)* (applying § 1961(a) to 15 U.S.C. § 15).

This Court's judgment ordered the United States to pay Beeman's attorney a definite amount, $15,000, for attorney's fees and costs. As the $15,000 is clearly a "money judgment," rule 69(a)(1) provides that "unless the court directs otherwise," a writ of execution is the proper avenue for seeking enforcement of that judgment.

That exception, however, does not allow this Court to allow for enforcement through a sanction of contempt. The Ninth Circuit has interpreted that clause narrowly, stating that it

"do[es] not interpret the exception to execution to permit a federal court to 'enforce a money judgment by contempt *or methods other than a writ of execution,* except in cases where established principles so warrant.'" *Shuffler v. Heritage Bank,* 720 F.2d 1141, 1148 (9th Cir. 1983) (emphasis added) (quoting 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 69.03(2) (2d ed. 1982)). This Court can find no established principles, and Beeman provides none, allowing for a sanction of contempt to enforce the judgment here. For that reason alone, Beeman's motion, ECF No. 72, is DENIED.

However, even if rule 69(a)(1) did not foreclose Beeman's argument, the actions of the United States do not meet the civil contempt standards. A party may be held in civil contempt if it disobeys a specific and definite court order by failing to take all reasonable steps within its power to comply. *In re Dual–Deck Video Cassette Recorder Antitrust Litig.,* 10 F.3d 693, 695 (9th Cir. 1993). The party's failure to comply need not be willful. *In Re Crystal Palace Gambling Hall, Inc.,* 817 F.2d 1361, 1365 (9th Cir. 1987). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence. . . .'" *In re Dual-Deck*, 10 F.3d at 695 (citation omitted). The purpose of civil contempt is to coerce compliance with a court order or to compensate another party for the harm caused by the contemnor refusing to obey the order. *Local 28 of Sheet Metal Workers' Int'l Ass'n v. EEOC,* 478 U.S. 421, 443 (1986). The Court will not hold a party in contempt if the party is unable to comply with the court order. *In re Crystal Palace,* 817 F.2d at 1365.

The United States took all reasonable steps within its power to process the payment to Claimant's attorney. Although the Treasury Department's reliance on 31 C.F.R. § 256.13 was unjustified, the United States attempted to explain this error to the Treasury Department. Despite the United States' clarification that the payee was Beeman's attorney, and not Beeman himself,

5 – Opinion and Order

the Treasury Department demanded Beeman's own social security number before processing the payment. ECF No. 77-1 at 4. As is readily apparent from the emails in the record, communications between the parties about resolving this issue quickly broke down. Contrary to Beeman's apparent belief, the United States may not simply issue a check for the attorney's fees. That payment is "paid out of the Judgment Fund, which is managed by Treasury Department." ECF No. 77 at 2. The United States, a different agency than the Treasury Department, appears to have done what it could to process the payment.

Additionally, the United States has now fully complied with the judgment. Although there was a delay, neither the judgment nor the settlement agreement stated when the payment must be made. The delay here, under these circumstances, was not unreasonable.

## CONCLUSION

Beeman's motion to show cause, ECF No. 72, is DENIED.

IT IS SO ORDERED.

DATED this 4th day of November, 2015.

                                                  /s/Michael McShane
                                                   Michael McShane
                                            United States District Judge

Opposes